IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BILLIE JO TALBERT,

                Plaintiff,                  ORDER

  v.

                                             14-cv-294-jdp

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

---

      Plaintiff Billie Jo Talbert seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. On June 5, 2015, the court heard oral argument in this case. For reasons discussed during the hearing, the court will remand this case to the Commissioner for further proceedings.

      Talbert alleged that she is disabled because of back pain, and that her obesity compounded her physical limitations. The medical evidence in this case demonstrates that since 2009, Talbert has routinely complained of pain to her treatment providers, and that she has suffered from limited range of motion and tenderness in her spine and back. She has undergone physical therapy, and she has used a back brace and a TENS unit, but none of these treatments have completely alleviated her pain. As for objective evidence, MRIs and EMG examinations have been unremarkable.

      Jim Logan, MD, is Talbert's treating physician. He provided three medical opinions on Talbert's condition, stating that she would be absent from work more than three times per month because of her impairment (which would preclude even sedentary work). The ALJ gave Dr. Logan's opinions little weight, concluding that his "treatment notes for [Talbert] do not assign the limitations, or reflect the kind of severity, which he has invoked in these opinions."

R. 28.[1] The ALJ went on to assign significant weight to two state agency consultants, both of whom opined that Talbert could work, but that she would be limited to sedentary work.

Remand is required because the ALJ's justification for discrediting Dr. Logan's opinion was too condensed to allow this court to trace his reasoning. The only reason that the ALJ gave for affording less weight to Dr. Logan's opinion was that it was inconsistent with the doctor's treatment notes. *Id.* But the ALJ did not cite directly to any records that contradicted Dr. Logan's proposed limitations. True, there is evidence of relatively mild objective findings and of improvement with some treatments. *See, e.g.*, R. 270, 276, 292, 342, 355-56. And there is even evidence that Dr. Logan erroneously based his opinion on a positive straight leg test that never occurred, R. 363, although this is not evidence cited by the ALJ. But there are also treatment notes that document Talbert's limited range of motion and her physical or postural limitations. *See, e.g.*, R. 340, 344, 371. And Dr. Logan was treating Talbert with narcotic pain medication, including potentially methadone and morphine, indicating his belief that she was suffering from severe pain. R. 372-74. By not acknowledging this evidence, and by not explaining how Dr. Logan's notes are nevertheless inconsistent with severe limitations, the ALJ failed to articulate a legitimate basis for discrediting Dr. Logan's opinion. Moreover, Dr. Logan was Talbert's treating physician, a fact that would ordinarily entitle his opinion to more weight. *See* 20 C.F.R. §§ 404.1527(c) and 416.927(c). Although the ALJ documented this point by discussing Talbert's treatment history with Dr. Logan, his analysis of Dr. Logan's opinion did not acknowledge the treating relationship or otherwise explain why opinions from non-examining sources deserved more weight.

---

[1] Record cites are to the administrative record. Dkt. 10.

On remand, the ALJ must expand on his reasons for assigning limited weight to Dr. Logan's proposed limitations. This order does not mandate that any medical opinion be given a particular weight, nor does it mandate a finding of disability. But if the ALJ finds that Dr. Logan's treatment notes are inconsistent with his opinion, then the ALJ must cite directly to that contradictory evidence.

Talbert also challenges the ALJ's analysis of her obesity. Without determining whether this issue would separately require remand, the court will offer limited guidance. Under SSR 02-1p, ALJs must consider "the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment. . . . The combined effects of obesity with other impairments may be greater than might be expected without obesity." But failure to properly consider a claimant's obesity is harmless error if an ALJ relies on opinions from medical professionals who have themselves considered the condition. *Kittelson v. Astrue*, 362 F. App'x 553, 559 (7th Cir. 2010); *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004). Here, both state agency consultants stated that they considered Talbert's obesity in recommending her physical limitations, and the ALJ provided a similar statement in his own opinion. On remand, the ALJ should better articulate *how* he considered Talbert's obesity and what effect the condition has on Talbert's residual functional capacity.

Accordingly, IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further

proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered June 8, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge